## TALLMADGE v. PRESS PUB. CO.

(*Supreme Court, General Term, Second Department.* December 10, 1889.)

LIBEL AND SLANDER—PLEADING—BILL OF PARTICULARS.

In an action for libel, where the answer does not sufficiently state the facts relied on as a defense, an order may be made requiring defendant to furnish a bill of particulars of the matters he intends to prove on trial.

Appeal from special term, Kings county.

Action by Daniel W. Tallmadge against the Press Publishing Company for libel. After the filing of the answer, an order was made, on the motion of plaintiff, requiring defendant to file "a bill of particulars of the several matters upon which it proposes to offer proof in justification and in mitigation of damages," from which order defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*De Lancey Nicoll,* for appellant. *Dailey & Bell,* for respondent.

PRATT, J. It is now well settled that a defendant may be compelled to furnish a bill of particulars of the matters set up for defense in a suit for libel. *Ball* v. *Publishing Co.,* 38 Hun, 11. This case is decisive of the merits of this motion. The plaintiff by waiting did not waive his right to make the motion, and the defendant was in no way prejudiced by the delay. The notice of motion sufficiently apprised the defendant of the relief desired, and the affidavits were ample to sustain the relief granted.

The point that the order goes too far in that it requires particulars of matters not charged in the amended answer is not well taken. The object of a bill of particulars is to limit the proofs, and it is only necessary that the defendant should furnish particulars of those matters he intends to prove upon the trial. This was a case pre-eminently proper for requiring a bill of particulars, and the order seems to be right, and should be affirmed, with costs.